Peter Johnson (State Bar No. 252542)
Email: peter@peterjohnsonlaw.com
Peter Johnson Law, P.C.
409 N. Pacific Coast Hwy, 651
Redondo Beach, California 90027
Telephone: (310) 295-1785

Attorney for Defendant
VAHE DADYAN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 20-CR-579-SVW |
| Plaintiff, | **DEFENDANT VAHE DADYAN'S OPPOSITION TO GOVERNMENT'S *EX PARTE* APPLICATION FOR DISCLOSURE ORDER RE: PRETRIAL SERVICE RECORDS** |
| v. | |
| VAHE DADYAN (Defendant #8) | **[DOC. # 904]** |
| Defendant | |

## OPPOSITION TO *EX PARTE* APPLICATION

**I.   Introduction**

Pursuant to 18 U.S.C. § 3153(c)(1), the Court should reject the government's unlawful attempt to obtain information from U.S. Pretrial Services.

**II.   Law**

18 U.S.C. § 3153(c)(1) provides:

> Except as provided in [§ 3153(c)(2)], information obtained in the course of performing pretrial services functions in relation to a particular accused shall be used only for the purposes of bail determination and shall otherwise be confidential.

1

Section 3153(c)(1) was enacted as part of the Pretrial Services Act of 1982 and is intended to promote confidentiality, truthfulness, and candidness in the relationship between Pretrial Services and supervisees. *See* H. Conf. Rep. 97-792, 97th Cong., 2d Sess. 8 (1982). The Guide to Judiciary Policy provides:

> The disclosure of pretrial services information for purposes other than determining pretrial release, particularly for prosecution purposes, would deter a person from cooperating with an officer and deprive the court of necessary information.

Guide to Judiciary Policy, Vol. 8A, Ch. 2 § 240.10 (b) (Sept. 2019).

The Ninth Circuit has affirmed and protected the confidential nature of the relationship between Pretrial Services and supervisees. *United States v. Santa*, 769 F. App'x 450, 451 (9th Cir. 2019) (examining the language and purpose of 18 U.S.C. § 3153(c) and finding that district court correctly excluded from trial information obtained during the course of performing pretrial services functions.).

### III.     Argument

The Court should deny the government's request. The information the government seeks in this case—[a]ny contact information, including phone numbers, email addresses, and physical residence or mailing addresses, used by … Vahe Dadyan … provided to and/or used to contact the U.S. Probation Office during the course of its pretrial supervision in this case" -- relates directly to the performance of "pretrial services functions in relation to a particular accused."

Pretrial Services is not an information-gathering arm of the United States Attorney's Office or the Department of Justice. Pretrial Services works for the Court. It has a separate and important role. The government's *ex parte* application completely ignores this role, fails to even mention or cite 18 U.S.C. § 3153(c)(1), and attempts to gather information without respecting the law or the confidential function that Pretrial Services serves.

Based on pure speculation, the government seeks this expansive order to obtain information provided to Pretrial Services by Vahe Dadyan. The government does not even attempt to show good cause in the *ex parte* application and/or declaration as it relates to Vahe Dadyan. Instead, its only justification for the disclosure related to Vahe Dadyan is that "such information *may* yield further investigative leads." Gov. Ex. App. At 2 (Emphasis added). This is utterly insufficient to warrant disclosure.

**IV. Conclusion**

For the above reasons, the Court should DENY the government's e*x parte* application as it relates to Mr. Vahe Dadyan.

DATED: September 1, 2021   Respectfully submitted,

By: _____/s/_____
PETER JOHNSON
Attorneys for Defendant Vahe Dadyan

3